IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 3:08-CR-00039-1, 3:00-CR-00081-1 |
| v. | MEMORANDUM OPINION |
| MAURICE R. LEWIS, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on *pro se* motions for sentence reduction under 18 U.S.C. § 3583(c)(2), filed by Maurice R. Lewis ("Defendant"), in which he asks the Court to further reduce two of his sentences pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (hereinafter "FSA"), and Amendment 750 of the United States Sentencing Guidelines (hereinafter "Amendment 750"). Defendant filed identical motions in two different cases for this reduction. In case number 3:08-cr-00039, Defendant requests a sentence reduction from a 220-month sentence of imprisonment for conspiracy to distribute more than 50 grams of cocaine base. In case number 3:00-cr-00081, Defendant seeks a reduction from an 18-month sentence of imprisonment, imposed upon this Court's revocation of Defendant's supervised release. These sentences were both imposed on June 29, 2009 and ordered to run consecutively.

I will deny both motions for sentence reduction. Defendant is ineligible for reductions under the FSA and Amendment 750, for the following reasons: (1) Defendant was sentenced before the effective date of the FSA; (2) Defendant's sentence in case number 3:08-cr-00039 was determined by his designation as a career offender, not driven by the crack-cocaine guidelines;

and (3) Defendant is serving a revocation sentence in case number 3:00-cr-00081, and neither the FSA nor Amendment 750 provide authority to reduce revocation sentences.

## I. BACKGROUND

### A. Case Number 3:08-cr-00039

On March 19, 2009, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). On June 29, 2009, I held a sentencing hearing, at which I denied Defendant's motions to find that the career offender guideline did not apply, to amend the presentence report accordingly, and to either depart or vary from the guidelines to a sentence that would apply without the career offender enhancement. I found that the career offender enhancement under U.S.S.G. § 4B1.1 applied, resulting in a guidelines range of 262 to 327 months of imprisonment. I sentenced Defendant to 220 months of imprisonment, followed by five years of supervised release, to run consecutively to the sentence of imprisonment I imposed in case number 3:00-cr-00081. Judgment entered to this effect on July 2, 2009.

### B. Case Number 3:00-cr-00081

On July 29, 2002, Defendant pleaded guilty to conspiracy to distribute cocaine hydrochloride under 21 U.S.C. § 846, possession of a firearm while being an unlawful user of controlled substances under 18 U.S.C. § 922(g)(3), and possession with intent to distribute cocaine base under 21 U.S.C. § 841. Judgment was entered on October 23, 2002, and Defendant received a 70-month term of imprisonment, followed by a three-year term of supervised release. On June 29, 2009, I found that Defendant had violated the terms of his supervised release by, among other things, being convicted of reckless driving and failing to report that conviction to his probation officer. Judgment was entered on July 2, 2009, and Defendant received an 18-

month sentence upon revocation of his supervised release, to be served consecutively to the 220-month sentence imposed in case number 3:08-cr-00039.

## II. DISCUSSION

In the motion presently before the Court, Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Significantly, under § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 750 retroactively lowers the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines; however, it does not apply in every case.

First, Defendant cannot obtain relief under the FSA because the FSA only applies to offenders who were sentenced after August 3, 2010, the Act's effective date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012) ("Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."); *United States v. Bullard*, 645 F.3d 237, 249 (4th Cir. 2011) ("[W]e hold that the FSA does not apply retroactively and reject [the defendant's] claim that he is entitled to resentencing."). Defendant received both challenged sentences on June 29, 2009, with judgment entering on each sentence on July 2, 2009. Since he was sentenced before August 3, 2010, the date when the FSA became effective, the FSA does not apply to Defendant.

Second, Defendant's sentence in case number 3:08-cr-00039 was determined by his career offender designation in § 4B1.1, *not* by the crack-cocaine guidelines at § 2D1.1. Consequently, Amendment 750 has no effect on Defendant's sentence because I did not consider the reduced offense levels set forth in § 2D1.1 when I imposed his sentence. Therefore, I have

no authority to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Blakeney*, 540 F. App'x 219, 219–20 (4th Cir. 2013) (holding that if a defendant does not demonstrate the district court relied on the cocaine base guidelines during sentencing, "the career offender range is the applicable guidelines range for sentencing purposes," and the court lacks authority to reduce the sentence under § 3582(c)(2)); *United States v. Quarles*, 889 F. Supp. 2d 783, 786–88 (E.D. Va. 2012) (same), *aff'd*, 521 F. App'x 192 (4th Cir. 2013).

Third, I have no authority to reduce Defendant's sentence in case number 3:00-cr-00081, because neither the FSA nor Amendment 750 provide authority to reduce revocation sentences. In fact, the Sentencing Commission has specified that Amendment 750 does not apply to revocation sentences. *See* U.S.S.G. § 1B1.10 cmt. n. 4 (2008) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."); U.S.S.G. § 1B1.10 cmt. n. 5 (2013) (same). Since Amendment 750 does not apply to revocation sentences, I do not have authority to reduce Defendant's revocation sentence in case number 3:00-cr-00081. *See, e.g.*, *United States v. Gill*, No. CRIM.A. 09-114-KD, 2012 WL 2872107, at *2 (S.D. Ala. July 12, 2012) (holding Amendment 750 does not apply to revocation sentences and that court had no authority to reduce revocation sentence); *United States v. Flores*, 2:06-CR-372, 2012 WL 639636, at *1–2 (S.D. Tex. Feb. 27, 2012) (same).

### III. Conclusion

For the reasons stated herein, Defendant's motions for sentence reduction (case no. 3:00-cr-00081, docket no. 62) (case no. 3:08-cr-00039, docket no. 83) are denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the Defendant and all counsel of record.

Entered this 18th day of June, 2014.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE